IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fernando Gastelum, | No. CV-18-00439-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| GTI Phoenix LLC, | |
| Defendant. | |

This is one of about 150 lawsuits brought in this District by attorney Peter Strojnik on behalf of Plaintiff Fernando Gastelum alleging violations of the Americans with Disabilities Act ("ADA"). This case, like many of the others, followed a familiar pattern. In less than three months, Plaintiff filed his complaint, Defendant served Plaintiff with an offer of judgment, Plaintiff accepted the offer, the Clerk of this Court entered judgment accordingly, and Plaintiff moved for an award of attorneys' fees. (Docs. 1, 13-15.) Specifically, Plaintiff asks the Court to award him $9,230.00 in attorneys' fees and $2,882.70 in costs and expenses. (Doc. 15 at 5.) Defendant opposes the motion on several grounds, arguing that the fee amount is excessive in light of the services rendered, that the fee agreement between Plaintiff and Mr. Stroknik is unethical, and that the Court should deny the request outright because of Mr. Strojnik's "extortionist" litigation tactics. (Doc. 16.) The Court chooses door number three.

The long, sometimes tortured history of Mr. Strojnik's serial ADA litigation is well-described in *Advocates for Individuals with Disabilities LLC v. MidFirst Bank*, 279 F.

Supp. 3d 891 (D. Ariz. 2017).  There, Judge Wake described Mr. Strojnik's tactics as a pervasive "extortionate practice," and concluded that Arizona courts would not "empower [his] unethical extortion of unreasonable attorney's fees from defendants." *Id.* at 894, 898. Judge Wake noted that "[n]o fee is the reasonable fee for an unnecessary lawsuit that a demand letter would have taken care of." *Id.* at 898.

Later, when Mr. Strojnik began filing lawsuits on behalf of Plaintiff, Judge Snow concluded that Plaintiff lacked Article III standing to pursue many of his cases and, as a result, denied as moot several attorneys' fees motions. *See Gastelum v. Canyon Hospitality LLC*, 2018 WL 2388047, No. CV-17-02792-PHX-GMS (D. Ariz. May 25, 2018).  In that order, Judge Snow repeatedly referred to Mr. Strojnik's serial litigation as an "enterprise." *Id.* at *4, *8.

The State Bar of Arizona evidently has similar concerns.  On March 6, 2018, the State Bar moved to immediately suspend Mr. Stroknik's law license based on concerns over the ethics of his tactics and his potential use of these ADA actions to extort fee awards. (Doc. 16-1 at 2-15.)  On July 11, 2018, the State Bar's Presiding Disciplinary Judge issued an order suspending Mr. Stroknik on an interim basis from the practice of law in the state of Arizona.  (Doc. 18-1.)

The ADA gives the Court discretion to award the prevailing party attorneys' fees and costs.  42 U.S.C. § 12205.  "The Supreme Court has held that a prevailing plaintiff . . . 'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.'"  *Barrios v. Cal. Interscholastic Fed'n*, 277 F.3d 1128, 1134 (9th Cir. 2002) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983)).  Given the special circumstances of this case, the Court concludes that an award of fees would unjustly reward the tactics that repeatedly have been criticized by other judges of this Court, as well as the State Bar.  The Court therefore exercises its discretion to deny the fee application.  *See Buckhannon Bd. and Care Home, Inc. v. W. Va. Dept. of Health and Human Resources*, 532 U.S. 598, 640 (2001) (Ginsburg, J., dissenting) ("Congress assigned responsibility for awarding fees not to automatons unable to recognize extortionists, but to judges expected

1  and instructed to exercise 'discretion.'").

2  **IT IS ORDERED** that Plaintiff's motion for attorneys' fees (Doc. 15) is **DENIED**.

3  Dated this 21st day of December, 2018.

Douglas L. Rayes
United States District Judge